**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 02:17 PM November 8, 2013**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| DANNY R. COLE, | ) CASE NO. 12-62586 |
| | ) |
| Debtor. | ) ADV. NO. 13-6075 |
| _____ | ) |
| PRN FUNDING LLC, | ) JUDGE RUSS KENDIG |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **MEMORANDUM OF OPINION** |
| DANNY R. COLE, | ) **(NOT FOR PUBLICATION)** |
| | ) |
| Defendant. | ) |

In this adversary, Plaintiff seeks nondischargeability of a debt under 11 U.S.C. § 523(a)(3). On October 11, 2013, Plaintiff filed a motion to compel sanctions for Defendant-Debtor's ("Debtor") failure to appear for a deposition. Plaintiff seeks entry of default judgment against Debtor or, alternatively, amendment of the existing scheduling order. No responses were filed.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the order of reference, General Order 2012-7, dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Plaintiff wants to depose Defendant-debtor. The documents attached to Plaintiff's motion, which were not filed with the court, suggest that Plaintiff served Debtor a Notice of Deposition, with a request for the production of documents, on September 4, 2013. Plaintiff also emailed Debtor's counsel ("Mr. Juergensen") the notice on the same date. That notice called for Debtor to appear for a deposition in Beachwood, Ohio on September 13, 2013.

According to emails attached to the motion, Mr. Juergensen responded on September 11, 2013 and advised that Debtor would not appear for the scheduled deposition. First, he did not believe Debtor should be forced to travel to Beachwood, Ohio. Second, he was not available on the scheduled date and he provided a series of October dates that would work for him. Brief correspondence between the parties indicates that Plaintiff's counsel discussed the location matter and discovery timing issues.

Plaintiff then issued an Amended Notice of Deposition Upon Oral Examination and Duces Tecum. This document was not filed with the court but an attached certificate of service states it was served on September 16, 2013 by regular mail to Debtor and via email to Mr. Juergensen. A new deposition was scheduled for October 7, 2013, one of the dates provided by Mr. Juergensen, again in Beachwood.

On September 16, 2013, Mr. Juergensen advised, via email that "[a]bsent a court order, my client will not be appearing in Beachwood on October 7th. Per F.R.Civ.P. 30, you may compel Mr. Cole's attendance through a subpoena." Mr. Juergensen also stated his objection to Plaintiff's attempt to compel the production of documents through a deposition and informed Plaintiff he would treat it as a request for production of documents.

Plaintiff then issued a subpoena to Debtor commanding him to appear in Beachwood on October 7, 2013. The subpoena was served via first class mail on September 30, 2013. Plaintiff also sent a copy of the subpoena via email to Mr. Juergensen.

The parties corresponded by email from October 1, 2013 through October 4, 2013. On October 2, 2013, Mr. Juergensen advised that he was not sure whether Debtor would appear and indicated that he may seek to withdraw if Debtor did not "address certain issues." On October 4, 2013, Mr. Juergensen sent a follow-up email to Plaintiff's counsel and stated that "Mr. Cole's deadline with me has passed. Therefore, I will be filing a Notice of Withdrawal with the Court on Monday. It is safe to assume that he will not appear for his deposition on Monday."

Debtor did not appear for the deposition. Plaintiff filed a motion to compel sanctions on October 11, 2013. Pursuant to court order, discovery was to conclude on October 11, 2013. Mr. Juergensen did not file a motion to withdraw. Trial in this matter is scheduled for November 18, 2013.

## DISCUSSION

The above facts leave the court will the firm conviction that Plaintiff was led on a less-than-merry chase. Depositions are governed by Federal Rule of Bankruptcy Procedure 7030, which adopts Federal Rule of Civil Procedure 30 into bankruptcy practice. Rule 30 states that a "deponent's attendance *may* be compelled by subpoena under Rule 45." Fed.R.Civ.P. 30(a) (emphasis added). A subpoena is not required to compel a party's attendance at a deposition, a notice will suffice. *See, e.g.*, Monks v. Marlinga, 923 F.2d 423, 426-7 (6th Cir. 1991). And, even though Plaintiff went the extra step and issued the subpoena, Debtor still failed to appear. Plaintiff's repeated correspondence and extra effort in issuing a subpoena convinces the court that Plaintiff met its duty under Local Bankruptcy Rule 7026-1 to resolve this in a courteous and professional manner. Consequently, the court will consider the motion to compel.

Plaintiff relies on Federal Rule of Bankruptcy Procedure 7037(d), incorporating Federal Civil Rule 37 into bankruptcy practice, as its basis for the motion to compel. The rule provides that a court can issue sanctions if "(i) a party . . . fails, after being served with proper notice, to appear for that person's deposition . . . ." Fed.R.Civ.P. 37(d)(1)(A)(i). To be entitled to relief, the movant must also comply with the certification requirements of Rule 37(d)(1)(B). Plaintiff's certification is contained in the text of the motion. The court is permitted to award any sanctions available under Rule 37(b)(2)(A)(i) – (vi). Fed.R.Civ.P. 37(d)(3). The possible sanctions range from designating facts to be established under (i), to dismissing the action under (v) to rendering a default judgment against the disobedient party under (vi). Plaintiff requested the latter relief.

Default judgment is warranted in this case. Debtor failed to appear for two duly noticed depositions. At no point did Debtor seek a protective order as contemplated by Rule 37(d)(2). As discussed above, one of his reasons for objecting to the deposition was clearly not supported by law. Debtor has not responded or otherwise opposed the motion to compel sanctions. Further, it appears that Debtor is not cooperating with Mr. Juergensen. And, in spite of Mr. Juergensen's representations to Plaintiff, he has not filed a motion to withdraw. Plaintiff is prejudiced and cannot adequately prepare its case in the face of Debtor's unwillingness to appear for a deposition and cooperate in discovery.

The court will grant Plaintiff's motion by separate order and issue default judgment against Debtor.

# # #

**Service List:**

Irving S Bergrin
27600 Chagrin Blvd.
#340
Cleveland, OH 44122

John L Juergensen
John L. Juergensen Co., LPA
Washington Square Office Park
6545 Market Ave. North
North Canton, OH 44721